### ELMER *versus* PENNEL.

The power of determining the validity of a patent is *exclusively* confided to the Circuit Courts of the United States.

In a suit upon a note given for the conveyance of a patent right, proof that such patent was void for being an infringement of a prior one, is not admissible, without that fact has been determined by a Court of competent jurisdiction.

Nor, in defence of such suit, can a mere hypothetical proposition, containing no issuable fact, be allowed to be proved.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.

ASSUMPSIT, upon a promissory note of four hundred dollars.

It was admitted that the note was given in payment for a bond for the conveyance of a patent right in the Leavens' Sash and Blind Machine, (so called.)

The defendant contended, that the note was without consideration, and offered to prove: —

1st. That Leavens' patent is void by reason of its being an infringement on Woodworth's patent.

2d. That if the terms of the Leavens' patent and specifications, do not include a combination of yielding pressure to prevent the substance to be planed from being drawn up towards the axis of the planing cylinder while the knives are cutting from the planed to the unplaned surface, together with rotating planes, that the patent right is of no value, and does not embrace any new and useful invention or improvement.

If the facts offered to be proved would constitute a defence to the action, and it is competent for defendant in this action to go into the proposed defence, the cause was to stand for trial; otherwise a default to be entered.

*Clifford* and *J. M. Adams,* for plaintiff.

1. All actions, suits, controversies and cases arising under any law of the United States, granting or confirming to inventors the exclusive right to their inventions or discoveries, are originally cognizable, as well in equity as at law, in the Circuit Courts of the U. S., or in any District Court having the powers and jurisdiction of a Circuit Court. U. S. Statutes at large, vol. 5, c. 357, § 17; 1 Curtis' Com. § § 128, 131, 139.

2. The Courts of this State have no jurisdiction over the question whether the Leavens' patent is, or is not, an infringement of the Woodworth's patent, and in the absence of power to determine that question cannot entertain the defence under the first offer of proof.   Law's U. S. Courts, p. 156; *Parsons* v. *Barnard,* 7 Johns. 144.

3. The jurisdiction conferred by the Acts respecting inventions, copyrights, &c., embraces all cases without regard to the character of the parties, or the amount in controversy. Conkling's Treatise, ed. 1842, p. 64.

This jurisdiction extends to all cases at law and equity, and it seems to be the better opinion that the jurisdiction is

*exclusive,* the State Courts having no authority over a suit for the infringement of a patent or to declare a patent void. Law's U. S. Courts, 156; Curtis on Patents, 452; 1 Kent's Com., 382; Story's Com. on the Constitution.

Before a defence of this kind can be available, the patent must be declared void. The bond is then a sufficient consideration for the note.

Our Courts cannot do indirectly what they have no authority to do directly.

4th. The second offer of proof is not to show that the Leavens' patent is worthless, but is hypothetical in form and substance, and cannot be entertained as a direct proposition. The utmost that can be made of it, is, that defendant offers to prove, that *if* the Leavens' patent does not include a certain mechanical combination, then it does not embrace any new and useful invention, but he does not allege or offer to prove, that it does not embrace the very combination which he says it must embrace to render it valuable, and for aught appears to the contrary, it does embrace it, and, therefore, is valuable according to the theory of the offer of proof.

5th. But it would not avail the defendant to amend this offer of proof and substitute for it a positive affirmation. The matter would then belong to the Circuit Court, under the rules prescribed by the Act of Congress. U. S. Statutes at large, vol. 5, c. 357, § § 15 and 17.

6th. But the first offer of proof is not sufficiently comprehensive to constitute a defence, even if the question of infringement is cognizable by a State Court. So far as appears, the proof may be for a partial infringement only, in which case, so much as is not an infringement is good and valid. U. S. Statutes at large, vol. 5, c. 46, § 9; *Peterson* v. *Wooden,* 3 McLane's C. C. R., 248; Statute of U. S., March 3, 1837.

*Shepley & Dana,* for defendant, maintained, that he only wished to show that the note was given for an article of no value, that the note was without consideration. That

if this defence was not open to him, he was remediless, he could not bring an issue in the U. S. Court. His only chance was here.

But if the fact that letters patent had issued, would prevent a jury from. finding it an infringement on a prior one, then it was clearly competent for the defendant to show in defence the proposal under his second proposition.

The note was given for a *right,* and there could be no objection in a State Court to showing it was of *no value.*

It was competent for the defendant to show that a consideration appearing to be valuable and sufficient, in fact, turned out to be wholly false, and a mere nullity. 1 Pars. 385.

That the consideration of the note was *the right to sell a right,* and that defendant only wished to show this right was of no value. Here is no attack upon the patent, nor to show that it was an infringement; we only propose to show it to be worthless. In doing this, no exclusive jurisdiction of the federal courts is ousted, nor any exclusive rights granted by the U. S., denied or controverted.

RICE, J. — The execution of the note in suit was admitted, but the defendant contended that it is without consideration and void, and offered to prove —

1st. That the Leavens' patent is void by reason of its being an infringement on Woodworth's patent.

2d. That if the terms of the Leavens' patent and specifications do not include a combination of yielding pressure to prevent the substance to be planed from being drawn up towards the axis of the planing cylinder, while the knives are cutting from the planed to the unplaned surface, together with rotating planes, that the patent right is of no value, and does not embrace any new and useful invention or improvement.

It is not alleged, that the patent referred to, a bond to convey an interest in which is the consideration for the note in suit, has been declared void by any Court, nor that

it has been adjudged to be an infringement upon the Woodworth patent.

Section 17 of the Act of Congress, passed July 4, 1836, provides that all actions, suits, controversies and cases arising under any law of the United States, granting or confirming to inventors, the exclusive right to their inventions, or discoveries, shall be originally cognizable, as well in equity as at law, by the Circuit Courts of the United States, or by any District Court having the powers and jurisdiction of a Circuit Court.

This jurisdiction embraces all cases both at law and in equity arising under the patent laws and the Acts to protect copyrights, without regard to the character of the parties, or the amount in controversy. Conkling's Treat. p. 65.

As the judicial power of the United States extends to all cases in law and equity, arising under the laws of the United States, and as the Acts of Congress on the subject of patent rights, has declared, that the suits for the infringement of them shall be brought in the Circuit Courts of the United States, and gives those Courts power, in such cases, to declare the patent void, the State Courts, have, of course, no jurisdiction in the matter. *Parsons* v. *Barnard*, 7 Johns. 144.

It seems to be the better opinion, that the jurisdiction (of the United States Courts) is exclusive, and that the State Courts cannot entertain a suit for the infringement of a patent, or to declare a patent void. Law's U. S. Courts, p. 156; Curtis on Patents, 452. The same doctrine is declared in 1 Curtis' Com. § § 128, 131, 139.

The case of *Dickinson* v. *Hall*, 14 Pick. 217, was decided on the ground that the patent right, for which the note in suit was given, was not useful for any beneficial purpose.

There is no law in this State giving our Courts jurisdiction over cases arising under the patent laws of the United States.

If the issue presented by the first offer of the defendant were directly before the Court, it has no authority to decide it, and it would, therefore, not be entertained. Much less could the validity of a patent be tried and determined collaterally. The patent must be deemed to be valid until it has been adjudged to be void in whole or in part by a Court competent to try that issue. The evidence offered cannot avail the defendant.

The second offer was purely hypothetical. It does not contain a proposition to prove any material issuable fact, but only a collateral theory, which theory, if proved, would constitute no defence to this action. A default must be entered.

APPLETON, J., *dissenting*.